# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2014

Lyle W. Cayce
Clerk

No. 13-60240
Summary Calendar

JHOSELYN BERNICE LAREYNAJA-CRUZ, also known as Claudia Lisseth Cruz Marenco,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 811 493

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jhoselyn Bernice Lareynaja-Cruz, a native and citizen of El Salvador, petitions for review of an order entered by the Board of Immigration Appeals (BIA) dismissing her appeal from an order of removal. In its order, the BIA agreed with the immigration judge's (IJ) findings that Lareynaja-Cruz had not shown that she was eligible for withholding of removal because she had not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

shown that she was a member of a "particular social group" or that she had a well-founded fear of future persecution in El Salvador based on her membership in that putative social group.  Lareynaja-Cruz argued that she was a member of the social group of women who are harassed by gangs in El Salvador.

In considering whether a particular social group exists, the BIA considers "(1) whether the group's shared characteristic gives the members the requisite social visibility to make them readily identifiable in society and (2) whether the group can be defined with sufficient particularity to delimit its membership."  *Orellana-Monson v. Holder*, 685 F.3d 511, 519 (5th Cir. 2012) (internal quotation marks, emphasis, and citation omitted).  The BIA's use of those two criteria is permissible, and its interpretation of "a particular social group" based on those criteria is entitled to deference unless it is arbitrary and capricious.  *Id.* at 520-21.

The BIA and the IJ found that Lareynaja-Cruz's putative social group lacked particularity because the group would make up a potentially large and diffuse segment of society.  Lareynaja-Cruz argues that a group's size alone is insufficient to disqualify it from being a particular social group.  The BIA and the IJ's decisions, however, show that the claim for relief was also rejected in part because Lareynaja-Cruz had not shown that any gang violence she feared would be experienced because of her membership in her putative social group.

Lareynaja-Cruz has not shown that the BIA's determination that she was not a member of a particular social group for purposes of withholding of removal was arbitrary or capricious, and we will not disturb that determination.  *See Orellana-Monson*, 685 F.3d at 520-21.  The record before us does not compel a conclusion contrary to that of the BIA that Lareynaja-

No. 13-60240

Cruz was ineligible for withholding of removal.  *See Chen v. Gonzales*, 470 F.3d 1311, 1134 (5th Cir. 2006).  Accordingly, her petition for review is DENIED.