# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2015

Lyle W. Cayce
Clerk

No. 14-60467
Summary Calendar

ANA DELMI VASQUEZ-DE LOPEZ; JENNIFER LISSETH LOPEZ-VASQUEZ; SANTOS DE JESUS LOPEZ-VASQUEZ,

Petitioners

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A201 104 922
A201 104 923
A201 104 924

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ana Delmi Vasquez-De Lopez, and her children, Jennifer Lisseth Lopez-Vasquez and Santos De Jesus Lopez-Vasquez, natives and citizens of El Salvador, have filed a petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing their appeal of the Immigration Judge's (IJ) denial of their applications for asylum, withholding of removal, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

protection under the Convention Against Torture (CAT). Vasquez and her children contend the BIA erred when it determined that they were ineligible for asylum, withholding of removal, or relief under the CAT.

We review the order of the BIA and consider the underlying order of the IJ to the extent that it influenced the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Among the findings of fact that this court reviews for substantial evidence is the "factual conclusion" that an alien is not eligible for asylum, withholding of removal, or relief under the CAT. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under that standard, we may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang*, 569 F.3d at 537. "An applicant who has failed to establish the less stringent 'well-founded fear' standard of proof required for asylum relief is necessarily also unable to establish an entitlement to withholding of removal." *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012) (internal quotation marks and citation omitted).

Vasquez and her children claim they are entitled to asylum and withholding of removal because of past persecution by gangs based on their inclusion in particular social groups, specifically individuals who are forced to pay for their safety through extortion threats and young women susceptible to abuse. Santos also cites his membership in the ARENA political party as a basis for his claims. Relying on its own violent experiences with gangs, the family asserts that they have established a pattern or practice of persecution against similarly-situated individuals in El Salvador. Vasquez and her children argue that they will face similar persecution from gangs if they are returned to El Salvador.

We lack jurisdiction to consider the family's claims that extorted individuals and young women comprise particular social groups or that they

No. 14-60467

have established a pattern or practice of discrimination against similarly situated people in El Salvador because Vasquez and her children failed to exhaust these claims before the BIA. *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

The evidence does not compel a finding that Vasquez and her children suffered past persecution based on their membership in any particular social group or their political opinion. *See Wang*, 569 F.3d at 536; *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009). The record instead reflects that any violence, extortion, or harassment suffered by Vasquez and her children stemmed from criminal motives rather than political persecution. Conduct that is driven by criminal, non-political motives does not constitute persecution. *See Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004). In addition, we do not recognize economic extortion as a form of persecution for purposes of immigration law. *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012). Vasquez and her children also have failed to demonstrate a well-founded fear of future persecution if they are returned to El Salvador. *See Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994). Thus, the BIA's conclusion that Vasquez and her children were not eligible for asylum and withholding of removal is supported by substantial evidence. *See Zhang*, 432 F.3d at 344.

Similarly, Vasquez and her children have not shown that the evidence compels a finding that they more likely than not will be tortured if returned to El Salvador for purposes of protection under the CAT. *See Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010). They have not established that any prior harm they suffered constituted torture and that a public official, or an individual acting in a public capacity, would inflict, acquiesce, or consent to the family's torture upon their return. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006); 8 C.F.R. § 208.18(a)(1). Therefore, their claims are

3

No. 14-60467

insufficient to compel a different conclusion than that reached by the BIA. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

The petition for review is DENIED.