# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60557
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 22, 2017

Lyle W. Cayce
Clerk

ERIKA LOPEZ-DIAZ, also known as Yuridia Alvarez-Martinez,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 691 130

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Erika Lopez-Diaz, a native and citizen of Mexico, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). She sought relief based on her kidnapping, during which she and other young women were held for a long period of time, forcibly drugged, beaten, burned, and repeatedly raped by multiple men. She petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60557

the Immigration Judge's denial of her applications for asylum and withholding of removal.[1]

As to her claim of asylum, Lopez-Diaz has not shown that the evidence compels a conclusion contrary to the finding that asylum was unwarranted. The BIA did not err in holding that Lopez-Diaz's proposed social group of young, recently deported women with children was not cognizable as a "particular social group" for purposes of asylum. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). We have not recognized proposed particular social groups of young women susceptible to abuse by gangs in El Salvador. *See Vasquez-De Lopez v. Lynch*, 620 F. App'x 293, 295 (5th Cir. 2015); *Lareynaja-Cruz v. Holder*, 551 F. App'x 222, 222-23 (5th Cir. 2014). In addition, Lopez-Diaz did not demonstrate that the evidence compels a conclusion that there is a nexus between her membership in the proposed social group and the harm she suffered. *See Orellana-Monson*, 685 F.3d at 518. Conduct that is driven by criminal, nonpolitical motives does not establish that a person was persecuted on account of a protected ground. *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004).

The Government correctly points out that Lopez-Diaz did not challenge the BIA's determination that she did not show that the harm she suffered was caused by the Government or by persons that the Government was unable or unwilling to control. Therefore, Lopez-Diaz has waived this issue by failing to brief it adequately. *See Sama v. Hannigan*, 669 F.3d 585, 589 (5th Cir. 2012).

Lopez-Diaz has also failed to demonstrate that the evidence compels a conclusion that she has an objectively reasonable fear of future persecution by the kidnappers if she is removed to Mexico based on the fact that the

---

[1] Lopez-Diaz did not appeal the IJ's denial of her application for relief under the CAT to the BIA and does not raise this issue in her petition for review.

No. 16-60557

kidnappers took her Mexican identification card. The BIA found that she was not threatened with further harm when she was staying in Sonora and Tamaulipas, Mexico.

Finally, because Lopez-Diaz did not meet the standard to show that she was entitled to asylum, she has not met the standard for withholding of removal. *See Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006). Therefore, the record does not compel the conclusion that she was entitled to withholding or removal. *See id.; Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009).

PETITION FOR REVIEW DENIED.