# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2022

Lyle W. Cayce
Clerk

No. 22-60054
Summary Calendar

Clara Sulamita Avila-Simaj; Joseline Fabiola Vicenta Guez-Avila; Wendy Juana Angeli Avila,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 980 214
Agency No. A208 980 215
Agency No. A208 980 216

Before Jolly, Jones, and Ho, *Circuit Judges*.

Per Curiam:*

Clara Sulamita Avila-Simaj, a native and citizen of Guatemala, entered the United States illegally in 2016 with her two daughters. She seeks review

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60054

of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal and affirming the immigration judge's (IJ's) denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence, and its legal conclusions are reviewed de novo. *Id.* at 517-18.

Avila-Simaj argues that the IJ and the BIA should have considered the cumulative effect of the multiple threats and harms she experienced in Guatemala in assessing past persecution. But the decisions of both the IJ and the BIA reflect that they did just that, and Avila-Simaj has not carried her burden to show otherwise. *See Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004). The IJ and the BIA also reasonably found that the threats that Avila-Simaj experienced in Guatemala did not rise to the level of persecution, especially where there was no physical harm.[2] *See id.* at 187 n.4.

Avila-Simaj further argues that the BIA erred in determining that the threats and extortion she experienced in Guatemala did not have the requisite

---

[1] Because Avila-Simaj is the lead petitioner and her daughters' claims for immigration relief are derivative of her claim or dependent on the same facts and circumstances of her case, this opinion will hereinafter refer only to Avila-Simaj unless otherwise specified.

[2] Though the gang members never acted on their threats to harm Avila-Simaj and her daughters, Avila-Simaj testified that she still believed that they would harm her family because she had a cousin who the gangs had attempted to extort, and they eventually raped and killed her when she did not meet their demands. As the Government points out, there is no evidence that ties her cousin's rape and murder to the threats that Avila-Simaj received from the gangs. Moreover, "[t]he alleged past-persecution of another [family member] cannot be imputed to [Avila-Simaj]." *Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017).

nexus to a protected ground. Though Avila-Simaj maintains that she was targeted by the gangs on account of her proposed social group membership, her testimony reflects that the gang members sought to extort her because she owned a restaurant, and they believed that she had money. Thus, "any violence, extortion, or harassment suffered by [Avila-Simaj] stemmed from criminal motives," and "[c]onduct that is driven by criminal . . . motives does not constitute persecution" on account of a protected ground. *See Vasquez-De Lopez v. Lynch*, 620 F. App'x 293, 295 (5th Cir. 2015) (citing *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004)). As such, the BIA reasonably found that Avila-Simaj had failed to demonstrate the required nexus for asylum. *See Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002).

Additionally, Avila-Simaj argues that the BIA erred in denying asylum based on the finding that she had presented no evidence that she could not reasonably relocate within Guatemala to avoid the gangs. Though Avila-Simaj testified that there was nowhere she could live safely in Guatemala because the gangs were "everywhere," she admitted that her parents and siblings lived about twenty minutes from where her restaurant was located, and they had not been threatened or harmed by the gangs. This court has recognized that "the reasonableness of an alien's fear of persecution is reduced when [her] family remains in [her] native country unharmed for a long period of time after [her] departure." *Eduard*, 379 F.3d at 193. As such, the record in this case does not compel the reversal of the BIA's determination that Avila-Simaj had not shown that it would be unreasonable for her to relocate within Guatemala to avoid harm. *See Orellana-Monson*, 685 F.3d at 518.

Finally, Avila-Simaj contends that her failure to make a police report should not have been fatal to her asylum claim because such reporting would have been unreasonably dangerous to her. She cites *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051 (9th Cir. 2017), in support. Aside from the fact that

*Bringas-Rodriguez*, a case from the Ninth Circuit, is not binding on this court, it is also distinguishable.  Though Avila-Simaj argues generally that the police in Guatemala are corrupt, unlike the petitioner in *Bringas-Rodriguez*, she points to no compelling evidence in her case that reporting the gang's threats would have been futile and dangerous.  *Id*. at 1075.

Because the BIA reasonably found that Avila-Simaj was ineligible for asylum, this court need not consider her argument that the BIA erred in summarily concluding, without analysis, that she could not establish eligibility for withholding of removal.  *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) (explaining that "failure to establish eligibility for asylum is dispositive of claims for withholding of removal").

In her final argument, Avila-Simaj contends that she has shown that she faces a likelihood of torture in Guatemala and is eligible for CAT relief given her credible testimony regarding the repeated threats from the gang members and the country conditions evidence showing that government authorities allow criminal gangs to operate throughout Guatemala with impunity.  Though country conditions evidence describes instances of gang violence and an inadequate police response to crime in Guatemala, it does not compel the conclusion that Avila-Simaj would "more likely than not" be tortured if removed to Guatemala.  *See* 8 C.F.R. § 1208.16(c)(2); *see also Chen v. Gonzalez*, 470 F.3d 1131, 1142-43 (5th Cir. 2006).

The petition for review is DENIED.