# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2023

Lyle W. Cayce
Clerk

———————

No. 21-60221
Summary Calendar

———————

CARLOS RODOLFO CORNEJO PAREDES,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 464 443

————————————————————

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Carlos Rodolfo Cornejo Paredes, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the immigration judge's (IJ's) denial of cancellation of removal and withholding of removal.

———————————————

\* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 21-60221

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). By adopting the IJ's decision and citing to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), the BIA effectively preserved the IJ's decision for review. *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

The BIA's factual findings are reviewed for substantial evidence, and its legal conclusions are reviewed de novo. *Orellana-Monson*, 685 F.3d at 517-18. The substantial evidence test "requires only that the BIA's decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). This court will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Orellana-Monson*, 685 F.3d at 518.

Cornejo Paredes argues that the BIA erred in denying his application for cancellation of removal based on the finding that he had failed to show that his United States citizen stepdaughter would suffer exceptional and extremely unusual hardship upon his removal to El Salvador.

After the completion of briefing in this case, this court decided *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022), and held that the hardship determination "is a discretionary and authoritative decision" which "is beyond [this court's] review" under the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B)(i). *Castillo-Gutierrez*, 43 F.4th at 481. Accordingly, this court lacks jurisdiction to consider Cornejo Paredes's challenge to the BIA's hardship determination. *See Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022); *Castillo-Gutierrez*, 43 F.4th at 481.

This court likewise lacks jurisdiction over Cornejo Paredes's related argument that the BIA erred in failing to explicitly acknowledge his stepdaughter's sexual assault and the fact that she bore a child as a result of

No. 21-60221

that assault in its analysis of hardship.[1]  In *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007), this court concluded that a reviewable legal question was not raised by a claim that the agency failed to consider all the relevant factors in deciding whether there was exceptional and extremely unusual hardship to support an application for discretionary cancellation of removal.[2]

Cornejo Paredes next argues that the BIA erred in denying withholding of removal based on the finding that he had failed to show the requisite nexus between the harm he suffered and feared in El Salvador and his proposed social group of "members of the Cornejo family."[3]

Though Cornejo Paredes's family members were harassed and extorted by the gangs in El Salvador, there is no evidence that gang members were motivated by any particular animus towards the Cornejo family. Instead, "[t]he record . . . reflects that any violence, extortion, or harassment suffered by [Cornejo Paredes's family] stemmed from criminal motives,"

---

[1] Cornejo Paredes claims that he is a "viable candidate" for a U-visa as the stepfather of a United States citizen child who was the victim of a sexual assault, and he asks this court to remand his case to the BIA to allow him to pursue a U-visa, but this court's affirmance of the BIA's removal order does not preclude him from pursuing such relief. *See* 8 C.F.R. § 214.14(c)(ii) (stating that "[a]n alien who is the subject of a final order of removal, deportation, or exclusion is not precluded from filing a petition for U-1 nonimmigrant status"). As such, remand is not warranted.

[2] This holding in *Sung* was abrogated by *Guerrero Trejo v. Garland*, 3 F.4th 760, 768 (5th Cir. 2021); however, this court recently concluded that *Guerrero Trejo* was itself abrogated by *Patel*. *See Castillo-Gutierrez*, 43 F.4th at 481.

[3] Cornejo Paredes states in his summary of the argument that his case should be remanded so that the BIA can consider the cognizability of his family-based social group in light of the Attorney General's decision in *Matter of L-E-A-*, 28 I. & N. Dec. 304 (U.S. Att'y Gen. 2021). Though the IJ found that Cornejo Paredes's family-based social group was cognizable, the BIA expressly declined to address cognizability because "the nexus issue [was] dispositive." This court has upheld a lack-of-nexus finding even where, as in this case, the BIA "did not analyze whether [the petitioner's] nuclear family constituted a particular social group before making its nexus determination." *Vazquez-Guerra v. Garland*, 7 F.4th 265, 268 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022). Because we agree with the BIA's finding of no nexus, remand is not warranted for consideration of the cognizability of Cornejo Paredes's family-based social group. *See id.*

and "[c]onduct that is driven by criminal . . . motives does not constitute persecution" on account of a protected ground. *See Vasquez-De Lopez v. Lynch*, 620 F. App'x 293, 295 (5th Cir. 2015) (citing *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004)). Thus, the BIA reasonably found that Cornejo Paredes had not established the requisite nexus between the harm he feared in El Salvador and his membership in a family-based social group. *See Omagah* , 288 F.3d at 258.

Cornejo Paredes also argues that the BIA erred in adopting the IJ's finding that his proposed social group of Salvadoran expatriates was not cognizable because it lacked particularity and social distinction.

This court held that "persons believed to be wealthy because they are returning to their home country from the United States do not constitute a sufficiently particular social group to support an application for withholding of removal." *Gonzalez-Soto v. Lynch*, 841 F.3d 682, 684 (5th Cir. 2016). Because the BIA's decision to affirm the IJ's rejection of Cornejo Paredes's proposed social group of Salvadoran expatriates is supported by substantial evidence and this court's precedent, it should be upheld.[4] *See Orellana-Monson*, 685 F.3d at 517-18.

The petition for review is DISMISSED in part and DENIED in part.

---

[4] In his summary of the argument, Cornejo Paredes also argues that the BIA erred in denying withholding of removal based on the finding that he had failed to show past persecution or a well-founded fear of future persecution. He does not elaborate on this argument in the body of his brief and, therefore, has abandoned the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (stating that issues not briefed are abandoned).

To the extent that Cornejo Paredes argues that his due process rights were somehow violated based on the BIA's adoption of the IJ's denial of his claim for withholding of removal, he makes the argument only in passing and makes no effort to show the requisite "substantial prejudice" to be successful on a due process claim. *See Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986); *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997).