# United States Court of Appeals for the Fifth Circuit

---

No. 22-60375
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 15, 2023

Lyle W. Cayce
Clerk

SANTOS ANZURES-LOPEZ,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A078 989 838

---

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Santos Anzures-Lopez, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the immigration judge's (IJ's) denial of cancellation of removal, withholding of removal, and protection under the Convention Against Torture (CAT).

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-60375

Anzures-Lopez argues that the BIA erred in denying his application for cancellation of removal based on the finding that he had failed to show that his three United States citizen children would suffer exceptional and extremely unusual hardship upon his removal to Mexico. He further argues that the BIA erred in denying withholding of removal based on the finding that he had failed to show the requisite nexus between the harm he suffered and feared in Mexico and his membership in a particular social group (PSG). Finally, he challenges the BIA's denial of his request for CAT relief.

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA.[1] *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021). The BIA's factual findings are reviewed for substantial evidence and questions of law, including jurisdictional questions are reviewed de novo. *Id*. The substantial evidence test "requires only that the BIA's decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). We will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Chen v. Gonzalez*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Though he acknowledges that 8 U.S.C. § 1252(a)(2)(B)(i) deprives this court of jurisdiction to review the denial of certain types of discretionary relief, including cancellation of removal, Anzures-Lopez maintains that the BIA's decision of whether an alien has sufficiently demonstrated exceptional and unusual hardship for a qualifying relative requires the application of a legal standard to established facts and is therefore reviewable.

---

[1] Anzures-Lopez incorrectly states that the BIA adopted the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). This is incorrect; the BIA affirmed specific findings of the IJ and made its own findings.

No. 22-60375

Anzures-Lopez's argument is foreclosed by this court's precedent in *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022), where we held that the hardship determination "is a discretionary and authoritative decision" which "is beyond [this court's] review" under § 1252(a)(2)(B)(i). Accordingly, we lack jurisdiction to consider Anzures-Lopez's challenge to the BIA's hardship determination.

Anzures-Lopez argues that the BIA erred in denying withholding of removal based on the finding that he had failed to show the requisite nexus between the harm he suffered and feared in Mexico and his PSG membership.

Substantial evidence supports the BIA's finding that the cartel members who attacked Anzures-Lopez were motivated by criminal and financial concerns and not by his membership in any of his proposed social groups. *See Gonzales-Veliz*, 938 F.3d at 224. At his hearing before the IJ, Anzures-Lopez testified that the reason the cartel members targeted him was "because of money." He further testified that the cartel members were dedicated to extorting people and that "[t]hey don't care who it is." "Conduct that is driven by criminal . . . motives does not constitute persecution" on account of a protected ground. *See Vasquez-De Lopez v. Lynch*, 620 F. App'x 293, 295 (5th Cir. 2015) (citing *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004)); *see also Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014) (stating that "[t]his court does not recognize economic extortion as a form of persecution under immigration law").

Anzures-Lopez next argues that the BIA erred in adopting the IJ's denial of CAT relief. He claims that he faces a likelihood of torture in Mexico given his credible testimony about his kidnapping and beating by members of the Zetas cartel and subsequent death threats by cartel members, as well as country conditions evidence showing that the police in Mexico are corrupt

and that government efforts to address corruption have largely been ineffective.

Though the country conditions evidence describes instances of police corruption and brutality, on balance, it does not compel the conclusion that Anzures-Lopez would "more likely than not" be tortured if removed to Mexico. *See Mwembie v. Gonzales*, 443 F.3d 405, 415 (5th Cir. 2006). Further, because Anzures-Lopez failed to show that his experiences in Mexico amounted to persecution, he cannot meet the higher standard for torture, which "is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2); *see Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019). Accordingly, the BIA reasonably concluded that Anzures-Lopez was not eligible for CAT relief. *See Omagah*, 288 F.3d at 258.

The petition for review is DISMISSED in part and DENIED in part.