# United States Court of Appeals for the Fifth Circuit

No. 21-60867
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 13, 2022

Lyle W. Cayce
Clerk

Jose Omar Gonzalez-Aguilar,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A212 918 888

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Jose Omar Gonzalez-Aguilar petitions for review of an order by the Board of Immigration Appeals. The order dismissed his appeal of an immigration judge's removal order. We DISMISS in part and DENY in part.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60867

## FACTUAL AND PROCEDURAL BACKGROUND

Jose Omar Gonzalez-Aguilar, a native and citizen of Mexico, first entered the United States without inspection in 1998 near Laredo, Texas. He returned to Mexico briefly in 2010 following a Texas state conviction for driving while intoxicated ("DWI"). He again entered the country without inspection 15 days later. In 2017, after his second arrest for a DWI offense in Texas alerted immigration officials of his presence, Gonzalez-Aguilar was personally served with a Notice to Appear ("NTA"). He was charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. The NTA ordered him to appear in immigration court at a date and time "[t]o be set." The immigration court later mailed Gonzalez-Aguilar a Notice of Hearing ("NOH"), scheduling his master hearing for October 25, 2017.

Gonzalez-Aguilar appeared without counsel at the scheduled hearing. The immigration judge ("IJ") continued the hearing to allow him to retain counsel. At his next hearing, Gonzalez-Aguilar appeared with counsel, admitted the allegations in the NTA, and conceded he was removable as charged. He also stated his intention to file an application for cancellation of removal. On December 27, 2017, he filed for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

At the hearing on the application, Gonzalez-Aguilar's attorney argued jurisdiction never vested in the immigration court because Gonzalez-Aguilar's NTA failed to state the date and time of his removal hearing. Gonzalez-Aguilar testified he lived in Dallas, Texas, and worked in construction. He stated his wife was also undocumented but was not currently in immigration proceedings. Gonzalez-Aguilar testified that he and his wife had two children born in the United States: Cynthia, then age 13, and Edgar, age 12.

2

Gonzalez-Aguilar explained that his wife was the primary caretaker of the children and did not work, though she previously had a job cleaning houses. If he were removed to Mexico, his children would remain in the United States with his wife. He confirmed, however, that his wife would not make enough money cleaning houses to pay for the family's expenses. Therefore, if he were removed, the family would likely have to move into a less expensive home or live with other family members. He added that his sister, a United States citizen, would help support and care for his children.

When asked how he thought his removal would affect his two children, Gonzalez-Aguilar testified "it would be bad for them" and "they would do bad in school." He noted that when he was in immigration detention, his daughter "was not well at all" and did poorly in school.

The couple's daughter, Cynthia, testified that if her father were deported, she would stay in Texas with her mother. Cynthia testified that when her father was in immigration detention, she could not focus in school and her grades suffered. She had met with a counselor at her school during this time. Cynthia also explained that her godparents sometimes helped care for her and her brother while her mother was working.

Gonzalez-Aguilar also discussed his criminal history. He testified that prior to his 2010 DWI conviction, he had only been stopped by the police and ticketed for driving without a valid driver's license or proof of insurance. He admitted to his 2010 arrest and conviction for DWI and testified he had successfully completed his sentence. Gonzalez-Aguilar also admitted to being arrested again in 2017 for drinking and driving. He testified he was ultimately convicted and sentenced to two years of probation.

On October 15, 2018, the IJ orally denied Gonzalez-Aguilar's application for cancellation of removal and his request to terminate the removal proceedings based on *Pereira*. The IJ first found that Gonzalez-

Aguilar's defective NTA was cured by the subsequent NOH.  As such, the IJ had jurisdiction over the removal proceedings.  Though the IJ found Gonzalez-Aguilar to be a credible witness, the IJ ultimately denied cancellation of removal, finding, among other things, he failed to show removal would result in exceptional and extremely unusual hardship to his children.  The IJ also denied Gonzalez-Aguilar's request for voluntary departure and ordered him removed to Mexico.

Gonzalez-Aguilar appealed the IJ's decision to the Board of Immigration Appeals ("BIA").  On October 14, 2021, the BIA dismissed his appeal.  The BIA rejected the claim that the IJ lacked jurisdiction. **ROA.7-8.** The BIA also upheld the IJ's finding that Gonzalez-Aguilar failed to show the requisite hardship for cancellation of removal.  Though the BIA considered his claims that his children would suffer various negative impacts if he were removed to Mexico, the BIA found Gonzalez-Aguilar had not identified a hardship beyond the ordinary consequences of a non-citizen's removal.  Finally, the BIA held Gonzalez-Aguilar abandoned certain issues for failure to brief them.

Gonzalez-Aguilar timely filed a petition for review.

## DISCUSSION

Generally, we have authority to review only the final decision of the BIA, not that of the IJ.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We "will evaluate the immigration judge's underlying decision only if it influenced the BIA's opinion." *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 204 (5th Cir. 2017).  We review the BIA's conclusions of law *de novo* and factual findings for substantial evidence. *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).  In Gonzalez-Aguilar's case, the BIA adopted the findings and conclusions of the IJ.  Therefore, we will review both decisions. *See Wang*, 569 F.3d at 536.

There are three principal issues to resolve. First, did the IJ and the BIA lack jurisdiction over the removal proceedings because the NTA did not include the date and time of his hearing?  Second, did the BIA err in finding Gonzalez-Aguilar failed to show his United States citizen children would suffer exceptional and extremely unusual hardship upon his removal?  Third, did the BIA err in concluding he abandoned his challenges to the IJ's other factual findings that were raised in his notice of appeal but not specifically addressed in his brief?

### I.    *Jurisdiction over removal proceedings*

Gonzalez-Aguilar contends neither the IJ nor the BIA had jurisdiction because his NTA failed to include the date and time of his merits hearing.  As the BIA found, Gonzalez-Aguilar's argument is foreclosed under our precedent.  In 2019, we held that a defect in an NTA does not deprive an immigration court of jurisdiction over removal proceedings.  *Pierre-Paul v. Burr*, 930 F.3d 684, 691–93 (5th Cir. 2019).  Though the Supreme Court's subsequent decision in *Niz-Chavez v. Garland*, 141 S.Ct. 1474 (2021) abrogated *Pierre-Paul* in part, we have since confirmed that the jurisdictional holding from *Pierre-Paul* remains "the law of [this] circuit."  *Maniar v. Garland*, 998 F.3d 235, 242 n.2 (5th Cir. 2021).  Accordingly, there is no merit to Gonzalez-Aguilar's argument that the IJ lacked jurisdiction over his removal proceedings.

### II.    *The BIA's determination that Gonzalez-Aguilar did not establish exceptional and extremely unusual hardship*

Gonzalez-Aguilar argues the BIA erred in finding he failed to show that his citizen children would suffer exceptional and extremely unusual hardship upon his removal.  The Government contends this court lacks jurisdiction to consider factual challenges to the hardship determination, citing the Supreme Court's decision in *Patel v. Garland*, 142 S. Ct. 1614

(2022). Instead, "the only reviewable issue before the [c]ourt is whether the [BIA] erred in applying the facts as found by the [IJ] to conclude that Gonzalez-Aguilar's two children would not suffer exceptional and extremely unusual hardship upon his removal."

We have recently addressed this issue. We held that under *Patel*, the hardship determination "is a discretionary and authoritative decision" subject to the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(B)(i) and therefore "beyond our review." *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022). Thus, we lack jurisdiction to consider any challenge Gonzalez-Aguilar raised regarding his burden under Section 1229b(b)(1)(D), not just his factual challenges to the hardship determination. *See id.*

### III.    BIA's determination that Gonzalez-Aguilar abandoned issues

Gonzalez-Aguilar argues the BIA erred in concluding he abandoned any challenge to the IJ's other factual findings that were listed in his notice of appeal but not specifically addressed in his supporting brief. His notice of appeal includes arguments that the IJ erred in: (1) denying his motion to terminate the removal proceedings based on his *Pereira* jurisdictional argument, (2) determining he failed to show his children would suffer exceptional and extremely unusual hardship upon his removal, (3) ruling he had not established 10 years of continuous physical presence in the United States as required by Section 1229b(b)(1)(A), (4) finding he "did not merit a finding of good moral character" and denying discretionary relief, and (5) refusing to grant his request for voluntary departure.

In his brief before the BIA, though, Gonzalez-Aguilar discussed only the IJ's refusal to terminate the proceedings based on the purported lack of jurisdiction and the IJ's finding that he had not established the requisite hardship to a qualifying relative.

No. 21-60867

We need not reach the issue of forfeiture because the BIA's hardship determination was correct and is dispositive of his cancellation of removal claim.   Further, substantial evidence supports the BIA's finding that Gonzalez-Aguilar abandoned the issues he failed to address in his brief. *See Wang*, 569 F.3d at 536–37.  In fact, "once a petitioner elects in his notice of appeal to file a brief, that brief becomes the operative document through which any issues that a petitioner wishes to have considered must be raised." *Claudio v. Holder*, 601 F.3d 316, 319 (5th Cir. 2010).   Since Gonzalez-Aguilar's brief did not address all issues listed in his notice of appeal, the BIA did not err in finding he abandoned those issues. *See id*.

The petition is DISMISSED in part and DENIED in part.