# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2022

Lyle W. Cayce
Clerk

No. 20-60492

Jesus Humberto Castillo-Gutierrez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 079 809

Before Willett, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:

This immigration case presents two issues. The first issue is whether Petitioner Jesus Humberto Castillo-Gutierrez ("Castillo-Gutierrez") was properly served a notice to appear. The second issue is whether there was clear error in a finding that Castillo-Gutierrez's removal to Mexico would not cause exceptional and extremely unusual hardship to his children. We address each issue in turn.

No. 20-60492

## I.

Castillo-Gutierrez is a citizen of Mexico.  He entered the United States in 1990 with a border-crossing card.  With the exception of a visit to Mexico in 1999, Castillo-Gutierrez has lived here ever since.  He lives in Glencoe, Minnesota with his wife and two children.  On August 21, 2014, DHS initiated this case by issuing Castillo-Gutierrez a notice to appear ("NTA").  The NTA did not state a specific date or time for Castillo-Gutierrez's hearing, noting only that he was to appear before an immigration judge "on a date to be set at a time to be set."  However, the NTA did state that "[t]he alien was provided oral notice in the Spanish language of the time and place of his or her hearing and of the consequences of failure to appear." On August 27, 2014, the hearing was set for a week later on September 2, 2014.  Castillo-Gutierrez appeared at that hearing, conceded that he was removable as charged, and stated that he would seek cancellation of removal. Castillo-Gutierrez later filed an application for cancellation of removal in which he argued that his children "[would] suffer extreme, unusual and exceptional hardship if [he was] deported."

An immigration judge ("IJ") later held a hearing on Castillo-Gutierrez's application for cancellation of removal.  At that hearing, Castillo-Gutierrez testified that he was the father of two children:  a sixteen-year-old boy and a thirteen-year-old girl.  Although his daughter is healthy, Castillo-Gutierrez's son suffers from hemophilia.  The son goes to the doctor annually "for check-ups and then whenever he needs it."  Castillo-Gutierrez's son uses a drug called "Factor VIII" about once a year to treat his hemophilia. The last time his son was treated, Castillo-Gutierrez paid $3000 for this drug. Castillo-Gutierrez testified that his children would not come with him to Mexico were he removed.  When asked who would pay for the son's medicine should Castillo-Gutierrez be removed to Mexico, Castillo-Gutierrez stated, "I don't know.  The Government, I guess."  Castillo-Gutierrez further

testified that he owned a couple of businesses, including a trucking company and a rental property company.

After the hearing, an IJ found that Castillo-Gutierrez did not qualify for cancellation of removal both because he had not proven by a preponderance of the evidence that he had been a person of good moral character for the previous ten years and because he had not met his burden of proving that his children would suffer exceptional and extremely unusual hardship if he were removed to Mexico. Castillo-Gutierrez promptly appealed that order to the Board of Immigration Appeals ("BIA"). In his notice of appeal, Castillo-Gutierrez argued that the NTA was defective under recent Supreme Court precedent. Castillo-Gutierrez's argument regarding his NTA was limited to two sentences in his notice of appeal; he did not further press the argument in his brief on appeal.

The BIA affirmed the IJ. Specifically, it agreed with the IJ that Castillo-Gutierrez had not met his burden of proving that his children would suffer exceptional and extremely unusual hardship as the result of his removal. Because the BIA affirmed the IJ on this ground, it did not reach the question of whether Castillo-Gutierrez met his burden of demonstrating that he was of good moral character. The BIA also found that Castillo-Gutierrez "seems to have waived" his argument that the NTA was defective because he failed to brief the issue. Nonetheless, the BIA addressed the argument and found it foreclosed by a recent BIA decision holding that an NTA that does not list the time and date of a hearing is not defective if subsequent notices provide such information. Castillo-Gutierrez filed a Petition for Review with this court.

No. 20-60492

## II.

### A.    Notice to Appear

We first consider Castillo-Gutierrez's argument that his NTA was defective for failing to list the place and time of his removal hearing. Castillo-Gutierrez raised this argument to the BIA only in his notice of appeal to the BIA and did not reiterate it in his brief. The BIA correctly noted that raising an argument solely in a notice of appeal but not in the merits brief is inadequate. *See Claudio v. Holder*, 601 F.3d 316, 318–19 (5th Cir. 2010). But the BIA still reached the merits of Castillo-Gutierrez's argument, which it characterized as a contention that "the Immigration Judge did not acquire jurisdiction over these proceedings because [Castillo-Gutierrez's] Notice to Appear (NTA) was defective under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018)." The BIA rejected this argument, holding that "even if we were to consider this issue as properly before us, we note that such jurisdictional argument is foreclosed by our intervening decision in *Matter of Bermudez-Cota*, 27 I&N Dec. 441 (BIA 2018)." The BIA further explained that, as of the date of its ruling, *Bermudez-Cota* foreclosed Castillo-Gutierrez's argument because it held that an NTA that does not specify the time and place of an alien's initial removal hearing is not deficient as long as a notice of hearing is later sent to the alien specifying such information.

Although Castillo-Gutierrez failed to properly raise his argument that his NTA was defective to the BIA by failing to brief it, we have held that "if the BIA considers the merits of an issue that is not explicitly raised by the petitioner, that issue is exhausted." *Dominguez v. Sessions*, 708 F. App'x 808, 811 (5th Cir. 2017) (citing *Lopez-Dubon v. Holder*, 609 F.3d 642, 644 (5th Cir. 2010)). Accordingly, we consider Castillo-Gutierrez's argument exhausted only insomuch as the BIA considered it on the merits. Any of the other arguments that Castillo-Gutierrez presses before this court, including his

contention that the NTA was invalid because it contained a "material misrepresentation," were never considered by the BIA and were certainly not "fairly present[ed] to the BIA." *Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009). Those arguments are therefore unexhausted, and we lack jurisdiction to consider them.

That leaves Castillo-Gutierrez with only his argument that "the Immigration Judge did not acquire jurisdiction over these proceedings because his Notice to Appeal (NTA) was defective under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018)." This argument is foreclosed by circuit precedent. In *Pereira*, the Supreme Court held that an NTA that fails to provide the time and place of the removal proceedings (and therefore does not comply with the requirements of § 1229(a)) does not stop the ten-year continuous presence clock described in § 1229b(d)(1). 138 S. Ct. at 2109–10. The Supreme Court expanded on *Pereira*'s reasoning in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). In *Niz-Chavez*, the Court analyzed § 1229b(d)(1) and held that the statute required a "notice to appear" to be a single document and that successive documents specifying the date and time of a hearing could not cure a defective original notice and implicate the stop-time rule.

Between *Pereira* and *Niz-Chavez*, this court decided *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019). "In that case, we held in part that an NTA constituted a valid charging document even without the time, date, or place of the initial hearing and that even if such an NTA were not sufficient, it could be cured by subsequent notices." *Garcia v. Garland*, 28 F.4th 644, 647 (5th Cir. 2022). This was in part because the *Pierre-Paul* court held that "the regulations, not 8 U.S.C. § 1229(a), govern what a notice to appear must contain to constitute a valid charging document." 930 F.3d at 693. The regulations do not always require that a notice to appear contain the time, date, or place of a hearing; rather they must only do so "where practicable." *Id.* at 690 (citing 8 C.F.R. § 1003.18(b)). We later held that while *Niz-Chavez*

undermined *Pierre-Paul*'s holding that a deficient NTA could be cured by separate notices, *Niz-Chavez* did not undermine *Pierre-Paul*'s holding that the regulations, rather than the statute, govern what a notice to appear must contain. *See Maniar v. Garland*, 998 F.3d 235, 242 n.2 (5th Cir. 2021); *see also Garcia*, 28 F.4th at 647–49.[1]  This holding of *Pierre-Paul*, which was reaffirmed in *Maniar*, is dispositive here and requires us to reject Castillo-Gutierrez's argument that his notice to appear was defective.

Castillo-Gutierrez recognizes that our case law is "averse" to his arguments here.  Accordingly, Castillo-Gutierrez spends much of his brief arguing that our circuit precedent is simply wrong.  But we may not revisit that binding precedent, as "one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court." *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014) (quoting *Jacobs v. Nat'l Drug Intel. Ctr.*, 584 F.3d 375, 378 (5th Cir. 2008)).

In sum, Castillo-Gutierrez's only exhausted argument regarding his NTA is foreclosed by the binding case law of this court.  Accordingly, we will dismiss the unexhausted portions of Castillo-Gutierrez's petition regarding his NTA and deny the exhausted portions of the petition regarding his NTA.

---

[1] We have since expanded the reasoning of *Pereira* and *Niz-Chavez* to cases involving in absentia removal. *See Rodriguez v. Garland*, 15 F.4th 351, 354–55 (5th Cir. 2021). But we recently held that *Rodriguez*'s holding does not apply where an alien does not dispute that the separately received the subsequent notice of hearing. *See Campos-Chaves v. Garland*, No. 20-60262, slip. op. at 2 (5th Cir. Aug. 3, 2022). Castillo-Gutierrez makes no argument that he did not receive the subsequent notice of hearing, and therefore cannot rely on *Rodriguez* here.

No. 20-60492

### B.    Exceptional and Extremely Unusual Hardship

Next, we turn to Castillo-Gutierrez's argument that the BIA erred in determining that he had not met his burden to show that his removal would cause exceptional and extremely unusual hardship for his children.  Castillo-Gutierrez seeks cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1). In order to be eligible for cancellation of removal under that statute, Castillo-Gutierrez must demonstrate, *inter alia*, "that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."  § 1229b(b)(1)(D).

Before we may consider the merits of Castillo-Gutierrez's arguments, we must consider whether we have jurisdiction to review the BIA's § 1229b hardship determination.   A separate statute, 8 U.S.C. § 1252(a)(2)(B), prohibits us from reviewing certain BIA determinations.  It states that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b."  § 1252(a)(2)(B)(i).  This bar is subject to an important carveout, which tells us that nothing in the statute "shall be construed as precluding review of constitutional claims or questions of law."  § 1252(a)(2)(D).

A panel of this court previously held that the BIA's hardship determination is not subject to the jurisdictional bar in § 1252(a)(2)(B), both because it falls within the statute's carveout for "questions of law" and because the jurisdictional bar applies only to "the adjudicator's 'discretionary authority to determine who among the eligible persons should be granted discretionary relief.'" *See Trejo v. Garland*, 3 F.4th 760, 766–77 (5th Cir. 2021) (quoting *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1142 (9th Cir. 2002)).  But the Supreme Court recently abrogated that decision in *Patel v. Garland*, 142 S. Ct. 1614 (2022).  In that case, the Supreme Court

No. 20-60492

held that the § 1252(a)(2)(B) bar applies to "authoritative decisions." *Id.* at 1622. Importantly here, the *Patel* majority pointed out that a determination that a citizen would face exceptional and extremely unusual hardship due to an alien's removal is a discretionary and authoritative decision which even the Government agreed would be barred by § 1252(a)(2)(B)(i), notwithstanding § 1252(a)(2)(D). *Id.* Accordingly, *Patel* makes clear that the BIA's determination that a citizen would face exceptional and extremely unusual hardship is an authoritative decision which falls within the scope of § 1252(a)(2)(B)(i) and is beyond our review.

## III.

For the foregoing reasons, we DISMISS the petition for review for lack of jurisdiction as to Castillo-Gutierrez's unexhausted arguments and his arguments regarding whether he met his burden under § 1229b(b)(1)(D). We otherwise DENY the petition for review.