# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2022

Lyle W. Cayce
Clerk

No. 20-60429

Rafael Gomez-Vargas,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 635 840

Before Clement, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

This immigration case presents two issues: First, whether the Board of Immigration Appeals ("BIA") erred in concluding that additional evidence proffered by Petitioner Rafael Gomez-Vargas was not likely to change the outcome regarding his application for cancellation of removal. Second, whether this court has jurisdiction to review Gomez-Vargas's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

challenge to the BIA's determination that he was ineligible for cancellation of removal. We hold that the BIA did not err in denying the motion to remand to consider the new evidence and that this court does not have jurisdiction to review the BIA's cancellation of removal determination.

## I.

Gomez-Vargas, a native and citizen of Mexico, entered the United States in 1989 near Hidalgo, Texas, without being admitted or paroled by an immigration officer. In 2012, he was served with a notice to appear charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). He admitted the allegations and conceded he was removable as charged. Gomez-Vargas then filed an application for cancellation of removal, claiming that his removal would cause exceptional and extremely unusual hardship for his five United States citizen children. *See* 8 U.S.C. § 1229b(b)(1)(D).[1]

The immigration judge ("IJ") held a hearing on Gomez-Vargas's application for cancellation of removal. To demonstrate hardship, Gomez-Vargas discussed his three children who still lived at home, detailing their academic performances, their struggles with his pending removal, and his desire to provide for them as the sole breadwinner of his family. He explained that his detention was especially difficult for his youngest child and that his children would suffer hardship if he were removed because they have never been cared for by another person. Gomez-Vargas worried that his family would lose their home if he were removed. He also testified that he was responsible for part of his older son's college tuition and indicated his belief that his removal would make it impossible for his children to continue their

---

[1] In order to be eligible for cancellation of removal under § 1229b(b)(1), a petitioner must demonstrate "that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."

No. 20-60429

studies. Finally, Gomez-Vargas expressed concern regarding his children visiting him in Mexico since he believes the country is dangerous and children are frequently kidnapped. Gomez-Vargas's 18-year-old son testified about his father's support and the hardship he would suffer if his father were removed.

The IJ issued a written decision denying Gomez-Vargas's application. While the IJ found that he had been present in the United States for the requisite time, had proved he was of good moral character, and had no disqualifying convictions pursuant to 8 U.S.C. § 1229b(b), she ultimately determined that Gomez-Vargas was ineligible for cancellation because he failed to prove that his children would experience exceptional and extremely unusual hardship if he were removed. The IJ acknowledged that his children "would suffer on some level," but determined that Gomez-Vargas did not show that the hardship would be substantially beyond the hardship ordinarily associated with any departure. The IJ noted that Gomez-Vargas's children are healthy and do not currently suffer from medical issues, though she acknowledged that Gomez-Vargas's youngest child was "especially impacted" by the removal proceedings. Additionally, the IJ found that Gomez-Vargas failed to demonstrate that he could not support his family by working in Mexico, that he could not communicate with them by telephone, or that his children could not visit him in Mexico. Accordingly, the IJ denied the application for cancellation of removal and ordered Gomez-Vargas removed to Mexico.

Gomez-Vargas appealed the IJ's order to the BIA, asserting that the IJ legally erred by failing to consider all of the evidence and that the evidence established his family would suffer exceptional and extremely unusual hardship if he were removed. Additionally, he moved to remand to allow the IJ to consider new evidence of his daughter's enlistment in the military and more recent information about crime and violence in Mexico. He asserted

No. 20-60429

that these changed circumstances would likely change the outcome of the case by demonstrating the requisite hardship.

The BIA adopted the decision of the IJ, dismissed the appeal, and denied the motion to remand. The BIA agreed that Gomez-Vargas failed to demonstrate exceptional and extremely unusual hardship to his children, noting that the "hardship standard is a high threshold." In denying the motion to remand, the BIA determined that Gomez-Vargas had not established how the new evidence would specifically impact his children upon his removal and therefore had not demonstrated that the additional evidence was likely to change the outcome of the case. Gomez-Vargas filed a timely petition for review following the BIA's decision. *See* 8 U.S.C. § 1252(b)(1).

## II.

### *A. Motion to Remand*

This court reviews the denial of a motion for remand under the highly deferential abuse-of-discretion standard. *Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014). The BIA abuses its discretion if its decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (internal quotation marks and citation omitted).

Gomez-Vargas contends that the BIA abused its discretion in determining that the new evidence presented in his motion to remand would not change the outcome in his case. He asserts that the evidence of his daughter's enlistment in the military and the dangerous conditions in Mexico were substantial factors that would likely change the outcome. Gomez-Vargas suggests that the IJ's conclusion that his daughter could visit him in Mexico is "now untenable" considering her enlistment. He states that she would be a target for violence if she traveled to Mexico. He also asserts that

the State Department's travel advisories regarding danger in Mexico show that his children would not be able to visit the area where he would reside.

Although the evidence of his daughter's enlistment in the United States military and the new travel advisories concerning his home region in Mexico could prevent his children from visiting him, these facts would not establish a finding of exceptional and extremely unusual hardship to his children beyond the disruption of family relationships that would occur in the ordinary case. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 61–62 (BIA 2001). Accordingly, the BIA's decision is not utterly without foundation, and the BIA did not abuse its discretion by denying Gomez-Vargas's motion to remand. *See Zhao*, 404 F.3d at 303–04.

### B. Jurisdiction

Next, we turn to Gomez-Vargas's contention that the BIA erred in holding that he failed to meet his burden to show that his removal would cause exceptional and extremely unusual hardship for his five children. Congress has circumscribed judicial review of the discretionary relief process under 8 U.S.C. § 1252(a)(2)(B), which strips the court of jurisdiction to review "any judgment regarding the granting of relief" under § 1229b. Recently, the Supreme Court clarified that the jurisdiction-stripping provision "prohibits review of *any* judgment *regarding* the granting of relief under § 1255 and the other enumerated provisions." *Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022). Because § 1229b is one of the enumerated provisions, this court has no jurisdiction to review the BIA's determination that Gomez-Vargas's removal would not result in exceptional and extremely unusual hardship for his children. *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022) (per curiam) ("*Patel* makes clear that the [Board's] determination that a citizen would face exceptional and extremely unusual

hardship is an authoritative decision which falls within the scope of § 1252(a)(2)(B)(i) and is beyond our review.").

## III.

For the foregoing reasons, we DISMISS the petition for review for lack of jurisdiction as to whether Gomez-Vargas met his burden under § 1229b(b)(1)(D) for cancellation of removal.  We otherwise DENY the petition.

Respondent's pending motion to dismiss for lack of jurisdiction is DENIED AS MOOT.

DISMISSED IN PART; DENIED IN PART.