# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2022

Lyle W. Cayce
Clerk

No. 22-60118
Summary Calendar

―――――――――――

Alejandro Rufino Escorza-Ruiz,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

―――――――――――――――――――――――

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 425 075

―――――――――――――――――――――――

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:*

Alejandro Rufino Escorza-Ruiz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from an order of the Immigration Judge (IJ) denying his application for cancellation of removal under 8 U.S.C. § 1229b. He claims the BIA erred

―――――――――――――

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60118

by: determining he failed to show removal would cause the requisite exceptional and extremely unusual hardship for his children; and refusing to consider his eligibility for voluntary departure. (The IJ noted Escorza asserted he would seek voluntary departure at one point, but ultimately did not request it; the BIA agreed he failed to do so.)

Our court lacks jurisdiction to review denial of discretionary relief under § 1229b, except with respect to constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Patel v. Garland*, 142 S. Ct. 1614, 1622–23 (2022). Jurisdiction is, of course, reviewed *de novo*. *Nehme v. INS*, 252 F.3d 415, 420 (5th Cir. 2001).

Escorza's contention that removal would cause exceptional and extremely unusual hardship is a "discretionary and authoritative decision" barred from review by our court. *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022); 8 U.S.C. § 1252(a)(2)(B).

His assertion that the BIA erred in finding he did not request voluntary departure before the IJ is unexhausted because he did not challenge this determination in his brief to the BIA, nor in a motion to reconsider. *Martinez-Guevara v. Garland*, 27 F.4th 353, 360–61 (5th Cir. 2022) (no jurisdiction over claims BIA "never had a chance to consider" (citation omitted)).

Accordingly, our court lacks jurisdiction to consider Escorza's claims.

DISMISSED.