# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2022

Lyle W. Cayce
Clerk

No. 22-60041
Summary Calendar

---

Monica Lucila Flores-Esparza,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A089 935 033

---

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Monica Lucila Flores-Esparza, a native and citizen of Mexico, petitions us for review of a Board of Immigration Appeals decision denying her motion to reconsider that is based on her previously denied cancellation of removal claim.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60041

Review of a motion to reopen is disfavored. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). Accordingly, this court reviews the denial of a motion to reopen under a "highly deferential abuse of discretion standard." *Id.* This standard requires a ruling to stand, even if this court concludes that it is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (internal quotation marks and citation omitted).

The BIA addressed Flores-Esparza's cancellation claims on the merits, finding that her daughter would not suffer the requisite hardship to support a grant of cancellation of removal. We lack jurisdiction to consider Flores-Esparza's cancellation arguments because the BIA's decision on that relief is "a discretionary and authoritative" one barred from our review pursuant to *Patel v. Garland*, 142 S. Ct. 1614, 1621-22 (2022). *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022). Because we may not review the BIA's ruling denying cancellation of removal, we need not address the issue whether Flores-Esparza's daughter was rendered ineligible as a qualifying relative when she turned 21 years old. *See INS v. Bagamasbad,* 429 U.S. 24, 25 (1976).

DISMISSED.