# United States Court of Appeals
# for the Fifth Circuit

No. 21-60934

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2022

Lyle W. Cayce
Clerk

MARITEL HERNANDEZ GARCIA,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of the Order of the
Board of Immigration Appeals
BIA No. 205-356-829

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Maritel Hernandez Garcia is a native and citizen of Mexico. She was admitted to the United States as a nonimmigrant visitor in February of 2000, with permission to remain until August of 2000. She has stayed in the United States ever since. The Department of Homeland Security initiated removal proceedings against her in 2012. In those proceedings, Hernandez Garcia did not contest removability, but sought cancellation of removal proceedings

---

* This opinion is not designated for publication. *See* 5TH CIRCUIT RULE 47.5.

under 8 U.S.C. § 1229b(b)(1), arguing that her removal would result in exceptional and extremely unusual hardship for her children. An Immigration Judge denied cancellation, acknowledging the hardship that removal would cause for Hernandez Garcia's children, but concluding that such hardships were not substantially different than those ordinarily caused for children of removed parents. Hernandez Garcia appealed, and the Board of Immigration Appeals dismissed the appeal on the same basis explained by the Immigration Judge. She now petitions this court for review of the BIA's order.

Federal law provides that the Attorney General may cancel an alien's removal if the alien satisfies four conditions. *See* 8 U.S.C. § 1229b(b)(1). Pertinent here, the alien must establish "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." *Id.* § 1229b(b)(1)(D).

Hernandez Garcia challenges the determination that her children will not face "exceptional and extremely unusual hardship" as a result of her removal. However, Congress has limited our jurisdiction to review certain BIA decisions. Specifically, we lack "jurisdiction to review . . . any judgment regarding the granting of relief" under § 1229b. 8 U.S.C. § 1252(a)(2)(B)(i). The Supreme Court recently explained that this bar applies to "authoritative decisions." *Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022). And this court recently applied *Patel* to the provision at issue here, concluding that "the BIA's determination that a citizen would face exceptional and extremely unusual hardship is an authoritative decision which falls within the scope of § 1252(a)(2)(B)(i) and is beyond our review." *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022).

In light of *Patel* and *Castillo-Gutierrez*, we lack jurisdiction to consider Hernandez Garcia's petition for review because the sole issue is that the

Immigration Judge and BIA improperly determined that her children will not face "exceptional and extremely unusual hardship" as a result of her removal. Hernandez Garcia disputes this conclusion, arguing that her petition presents a "legal question" that is exempt from the jurisdictional bar found in § 1252. Specifically, she contends that the Immigration Judge failed to consider her hardship arguments "in the totality," and that her hardship evidence was improperly "diminish[ed]."

This objection fails for two reasons. First, as support for the argument that her petition presents a legal question, Hernandez Garcia cites our decision in *Trejo v. Garland*, which essentially held that we have jurisdiction over a hardship determination. *See* 3 F.4th 760, 766–72 (5th Cir. 2021). But that holding was abrogated by *Patel*, as we recognized in *Castillo-Gutierrez*. *See* 43 F.4th at 481. And second, to the extent that a petitioner can raise a legal issue with respect to a hardship determination, Hernandez Garcia does not do so here. Contrary to her position, the Immigration Judge and BIA considered each of her hardships arguments. Hernandez Garcia's objection that the Immigration Judge did not give her evidence proper weight is really just disagreement with the ultimate conclusion. We lack jurisdiction to consider such a disagreement. *Castillo-Gutierrez*, 43 F.4th at 481.

The petition for review is DISMISSED for lack of jurisdiction.