# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2023

Lyle W. Cayce
Clerk

No. 20-60620
Summary Calendar

---

Jimmy Esau Arteaga,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A074 294 159

---

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Jimmy Esau Arteaga, a native and citizen of El Salvador, petitions this court for review of an order of the Board of Immigration Appeals (BIA) affirming an order of the Immigration Judge (IJ) denying his applications for cancellation of removal and withholding of removal. He argues that the IJ erred by finding that he was not credible regarding his assets and income and

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 20-60620

by concluding that he had not made the requisite hardship showing. We lack jurisdiction to consider these arguments. *Patel v. Garland*, 142 S. Ct. 1614, 1621-22, 1627 (2022); *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022).

Arteaga also argues that the IJ misapplied the law by reasoning that his parents could help support Arteaga's daughters if he is removed to El Salvador because his parents have no legal obligation to provide such support. To the extent that Arteaga's argument implicates a question of law, over which this court retains jurisdiction, 8 U.S.C. § 1252(a)(2)(D), Arteaga failed to exhaust the issue before the BIA. We therefore lack jurisdiction to consider this argument. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

We also lack jurisdiction to consider Arteaga's unexhausted argument that the IJ misapplied the law for determining a particular social group by using the framework set forth in *In re A-M-E & J-G-U-*, 241 I & N. Dec. 69, 69 (BIA 2007). *See Omari*, 562 F.3d at 318-19.

Finally, to the extent that Arteaga challenges the denial of his claim under the Convention Against Torture, the BIA concluded that Arteaga waived this claim. Arteaga did not challenge the BIA's conclusion before the BIA, and so we lack jurisdiction over this claim, too. *See Omari*, 562 F.3d at 318-19.

Consequently, the petition for review is DISMISSED.