# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-60087
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
January 26, 2023

Lyle W. Cayce
Clerk

Ricardo Ortiz Luevanos,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 867 718

———————————————————

Before King, Higginson, and Willett, *Circuit Judges.*

Per Curiam:[*]

Ricardo Ortiz Luevanos, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of cancellation of removal under 8 U.S.C. § 1229b(b)(1). We review the BIA's decision and consider the decision of the immigration judge

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

(IJ) only to the extent it influenced the BIA. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 436 (5th Cir. 2020).

Ortiz Luevanos first argues that his notice to appear (NTA) was void and failed to convey subject matter jurisdiction because the NTA was not served on him simultaneously with its filing in the immigration court and willfully misrepresented that it contained all statutorily mandated information, despite the omission of a hearing date and time. His arguments do not implicate the immigration court's subject matter jurisdiction. *See Pierre-Paul v. Barr*, 930 F.3d 684, 691-93, 692 n.5 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021); *Mejia v. Barr*, 952 F.3d 255, 261 (5th Cir. 2020). As such, the arguments must have been raised properly and were subject to forfeiture. *See Pierre-Paul*, 930 F.3d 693.

While the BIA addressed the arguments on the merits, the BIA also alternatively determined that they were waived on appeal because Ortiz Luevanos did not raise them before the IJ. The BIA was permitted to deem the arguments waived on that basis. *See Santos-Alvarado*, 967 F.3d at 440 n.13; *Eduard v. Ashcroft*, 379 F.3d 182, 195 n.14 (5th Cir. 2004). Accordingly, the petition for review is denied as to Ortiz Luevanos's challenges concerning the NTA.

Ortiz Luevanos also argues that the IJ and BIA erred regarding cancellation of removal by improperly excluding and disregarding certain pieces of evidence relating to the issue of hardship. We lack jurisdiction to review the determination that he failed to establish that his children would suffer "exceptional and extremely unusual hardship" upon his removal. § 1229b(b)(1)(D); *see* 8 U.S.C. § 1252(a)(2)(B)(i); *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022). Ortiz Luevanos contends that his argument concerns procedural error and presents questions of law that we

No. 22-60087

have jurisdiction to consider under § 1252(a)(2)(D), but the contention is unavailing. The IJ and BIA considered the pieces of evidence that he contends were improperly excluded or disregarded. His argument on this issue amounts to a contention that the IJ and BIA did not weigh the evidence correctly and reached the wrong conclusion regarding hardship. We lack jurisdiction to consider such disagreement with the hardship determination. *See Castillo-Gutierrez*, 43 F.4th at 481. Thus, regarding the issue of hardship, the petition for review is dismissed for lack of jurisdiction.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.