# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2023

Lyle W. Cayce
Clerk

No. 21-60181

Gonzalo Guanelger Jerez Echeverria,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 271 221

---

Before Richman, *Chief Judge*, and King and Higginson, *Circuit Judges*.

Per Curiam:*

Gonzalo Guanelger Jerez Echeverria petitions this court to review the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) denial of his request for cancellation of removal. Echeverria's claims challenge the BIA's hardship determination.[1] Because this court lacks jurisdiction to review such claims, we dismiss the petition

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] *See* 8 U.S.C. § 1229b(b)(1)(D).

No. 21-60181

without assessing any potential timeliness or exhaustion bars to this court's jurisdiction.

Echeverria, a native and citizen of Guatemala, was served a notice to appear charging him as being subject to removal for being present in the United States without having been admitted or paroled.  Echeverria requested cancellation of removal after admitting those allegations and conceding removability.  After the BIA vacated the IJ's initial decision that Echeverria was ineligible for cancellation of removal based on his previous conviction for a crime of moral turpitude, the IJ on remand again denied cancellation of removal.  In doing so it concluded that Echeverria failed to show his removal would cause exceptional and extremely unusual hardship to his United States citizen children.  The BIA affirmed the IJ's decision. Echeverria now petitions this court for review.

Echeverria advances several arguments.  He contends that, in making its hardship determination, the BIA failed to assess his evidence properly and failed to reach the same result as in a factually similar case.  He also argues that, in failing to do so, the BIA violated his due process rights.

This court lacks jurisdiction to review Echeverria's claims.  Under *Patel v. Garland*[2] and *Castillo-Gutierrez v. Garland*,[3] "the BIA's determination that a citizen would face exceptional and extremely unusual hardship is an authoritative decision which . . . is beyond our review."[4]

---

[2] ___ U.S. ___, 142 S. Ct. 1614 (2022).

[3] 43 F.4th 477 (5th Cir. 2022) (per curiam).

[4] *Castillo-Gutierrez*, 43 F.4th at 481 (citing *Patel*, 142 S. Ct. at 1622); *see also Hernandez Garcia v. Garland*, No. 21-60934, 2022 WL 17538741, at *1 (5th Cir. Dec. 8, 2022) (per curiam) (unpublished) ("In light of *Patel* and *Castillo-Gutierrez*, we lack jurisdiction to consider [the] petition for review because the sole issue is that the [IJ] and

No. 21-60181

Echeverria's arguments that the BIA failed to properly assess his evidence and failed to reach the same result as in a factually similar case are challenges to the BIA's hardship determination. This court lacks jurisdiction to review such claims.

Additionally, Echeverria "may not—merely by phrasing his argument in legal terms—use those terms to cloak a request for review of the BIA's discretionary decision, which is not a question of law."[5] Echeverria claims his due process rights were violated when the BIA failed to assess his evidence properly and failed to reach the same result as in a factually similar case. These are thinly-veiled challenges to the BIA's hardship determination couched in legal terms. Again, we lack jurisdiction to review such claims.

\* \* \*

For the foregoing reasons we DISMISS the petition.

---

BIA improperly determined that [petitioner's] children will not face 'exceptional and extremely unusual hardship' as a result of [petitioner's] removal.").

[5] *See Nastase v. Barr*, 964 F.3d 313, 319 (5th Cir. 2020) (reviewing the denial of a discretionary waiver of inadmissibility) (internal quotation marks and alterations omitted).