# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2023

Lyle W. Cayce
Clerk

—————————

No. 22-60240
Summary Calendar

—————————

Damaris Amarilis Alvarado-Ruiz,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 748 356

———————————————————————

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Damaris Amarilis Alvarado-Ruiz, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying her motion to reopen and terminate. We review the BIA's decision "under a highly deferential abuse-of-discretion standard." *Garcia*

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60240

*v. Garland*, 28 F.4th 644, 646 (5th Cir. 2022) (internal quotation marks and citation omitted).

Citing *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), and *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Alvarado-Ruiz argues that her notice to appear was defective for failing to provide the date and time of her hearing and that, consequently, the immigration judge did not have subject matter jurisdiction over her removal proceedings, she was not provided the requisite statutory notice of the hearing, and her procedural and substantive due process rights were violated.  Circuit precedent forecloses the argument.  *See Castillo-Gutierrez v. Garland*, 43 F.4th 477, 480 (5th Cir. 2022); *Garcia*, 28 F.4th at 646-48.  Because the BIA did not abuse its discretion in denying this claim on the merits, we need not consider Alvarado-Ruiz's contention regarding the timeliness of her motion.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

We lack jurisdiction to consider Alvarado-Ruiz's argument that the BIA erred by not reopening her case sua sponte pursuant to 8 C.F.R. § 1003.2(a).  *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017); *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206-07 (5th Cir. 2017).  Accordingly, we dismiss the petition for review in part due to lack of jurisdiction on the issue of sua sponte reopening and otherwise deny the petition.

DISMISSED in part; DENIED in part.