# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2023

Lyle W. Cayce
Clerk

No. 21-60240

Domitilio Miguel Quevedo Mojica,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 886 558

Before King, Jones, and Duncan, *Circuit Judges*.

Per Curiam:*

Domitilio Miguel Quevedo Mojica petitions for review of the Board of Immigration Appeals' (BIA) denial of his request for cancellation of removal. Because Mojica challenges only the BIA's hardship determination, we lack jurisdiction to review his petition.

Mojica, a native and citizen of Mexico, entered the United States in 1987 without first being admitted or paroled. In 2007, he was convicted for

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

driving while intoxicated and endangering a child. In 2015, the Department of Homeland Security began removal proceedings against him. During those proceedings, Mojica requested cancellation of removal under 8 U.S.C. § 1229b(b)(1), arguing his removal would result in exceptional and unusual hardship to his United States citizen children. Specifically, he claimed that removing him would financially burden his family and exacerbate his daughter's depression. Mojica testified, however, that, if he were removed, his family would likely return with him to Mexico.

The Immigration Judge ("IJ") denied Mojica relief, concluding that his children would not suffer hardship substantially beyond what any child would face upon a parent's removal. While acknowledging that Mojica's daughter suffered from mental-health issues, the IJ found that Mojica failed to present evidence that she could not receive adequate treatment in Mexico. The BIA affirmed the IJ's decision, agreeing that Mojica did not establish the required hardship. Mojica now petitions this court for review, arguing the BIA and IJ failed to consider the totality of evidence regarding his daughter's ongoing mental-health struggles and his children's diminished prospects in Mexico.

We lack jurisdiction to review Mojica's hardship claims. "[T]he BIA's determination that a citizen would face exceptional and extremely unusual hardship is an authoritative decision which . . . is beyond our review." *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022) (per curiam) (citing *Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022)); *see* 8 U.S.C. § 1252(a)(2)(B)(i). In response, Mojica claims he presents a legal question exempt from the jurisdictional bar, namely whether the district court denied him due process by failing to consider all the evidence. We disagree. Mojica's argument "is really just [a] disagreement with the ultimate conclusion" that he failed to show the requisite hardship. *Hernandez Garcia v. Garland*, No. 21-60934, 2022 WL 17538741, at *1 (5th Cir. Dec. 8, 2022) (per curiam)

No. 21-60240

(unpublished).  Our jurisdiction does not include such a claim, even when "couched in legal terms." *Echeverria v. Garland*, No. 21-60181, 2023 WL 1434281, at *1 (5th Cir. Feb. 1, 2023) (per curiam) (unpublished).[1]

PETITION DENIED.

---

[1] For the same reason, we also lack jurisdiction to review the BIA's denial of Mojica's motion to reconsider its hardship decision.