# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-60333
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 26, 2023

Lyle W. Cayce
Clerk

MARIA ESTELA IGLESIAS-BONILLA; JONATAN STEVAN BONILLA-HERNANDEZ,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 982 500
Agency No. A208 982 501

———————————————————————

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Maria Estela Iglesias-Bonilla and her son Jonatan Stevan Bonilla-Hernandez,[1] natives and citizens of El Salvador, petition for review of the

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

[1] Because Bonilla-Hernandez, a minor, is a rider on and derivative beneficiary of his mother's application for relief, we refer herein only to Iglesias-Bonilla.

decision of the Board of Immigration Appeals (BIA) denying Iglesias-Bonilla's motion to reopen and terminate. We review the BIA's decision "under a highly deferential abuse-of-discretion standard." *Garcia v. Garland*, 28 F.4th 644, 646 (5th Cir. 2022) (internal quotation marks and citation omitted).

Citing *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), and *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Iglesias-Bonilla argues that the notices to appear failed to provide the immigration court with jurisdiction and violated due process because they did not state the date and time of the hearings. Circuit precedent forecloses the jurisdictional argument. *See Castillo-Gutierrez v. Garland*, 43 F.4th 477, 480 (5th Cir. 2022); *Garcia*, 28 F.4th at 646-48. Because the BIA acted within its discretion in denying Iglesias-Bonilla's claims on the merits, we need not consider her argument regarding equitable tolling. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

We lack jurisdiction to consider Iglesias-Bonilla's challenge to the BIA's refusal to reopen her case sua sponte. *See Djie v. Garland*, 39 F.4th 280, 288 (5th Cir. 2022); *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019). Accordingly, we dismiss the petition for review in part for lack of jurisdiction as to sua sponte reopening and otherwise deny the petition.

DISMISSED in part; DENIED in part.