# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60015
Summary Calendar

———————

Jose Ramon Pineda Reyes,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

——————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 074 452

——————————————————

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Jose Ramon Pineda Reyes, a native and citizen of El Salvador, petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming the denial of his applications for cancellation of removal and withholding of removal. We DISMISS in part and DENY in part.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60015

First, we dismiss Pineda Reyes's petition insofar as it seeks review of the agency's denial of cancellation of removal. Cancellation of removal is a discretionary form of relief and is available to an applicant who shows, among other things, that his removal would result in exceptional and extremely unusual hardship to a qualifying family member. 8 U.S.C. § 1229b(b)(1). Pineda Reyes argues that the BIA erred in concluding that he failed to show that his lawful permanent resident mother would suffer exceptional and extremely unusual hardship. But the agency's decision on this issue is exempt from judicial review. *See Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022). We thus lack jurisdiction to review it. *Id.*

Second, we deny Pineda Reyes's petition for review of the agency's denial of withholding of removal. We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

An applicant is entitled to withholding of removal if he shows a clear probability that he will be persecuted on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3); *Bouchikhi v. Holder*, 676 F.3d 173, 181 (5th Cir. 2012). "Persecution is a specific term that 'does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.'" *Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020) (quoting *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006)). "It is *not* harassment, intimidation, threats, or even assault." *Id.*

We find no error in the agency's determination that Pineda Reyes failed to show past persecution. Pineda Reyes contends that he suffered past persecution when gang members attempted to recruit him and threatened

2

him. But he does not claim that he was ever harmed, and unfulfilled threats unaccompanied by violence fail to rise to the level of persecution. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006). Indeed, he testified that his only interaction with gang members was a single conversation about recruitment. There is thus no basis to overturn the BIA's determination that Pineda Reyes failed to demonstrate past persecution.

Nor is there any basis to overturn the agency's determination that Pineda Reyes failed to demonstrate a well-founded fear of future persecution. To obtain relief on this ground, an applicant must have a subjective fear of persecution, the fear must be objectively reasonable, and the fear must have a nexus to a protected ground. *Cabrera v. Sessions*, 890 F.3d 153, 159-60 (5th Cir. 2018). In determining whether there is a nexus, we "examine whether the protected ground is one central reason motivating the *persecutor*, not the *persecuted*." *Vazquez-Guerra v. Garland*, 7 F.4th 265, 269 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022). Despite his assertions to the contrary, Pineda Reyes's evidence reflects only a fear of general criminal activity, and "an applicant's fear of persecution cannot be based solely on general violence and civil disorder." *See Eduard v. Ashcroft*, 379 F.3d 182, 190 (5th Cir. 2004) (emphasis omitted). Nor is there anything in the record to suggest that Pineda Reyes would be targeted because of his proposed social group consisting of "Salvadoran men who fear violence and delinquency in their home country." Accordingly, substantial evidence supports the BIA's determination that Pineda Reyes failed to demonstrate a well-founded fear of future persecution on account of a protected ground.

Based upon the foregoing, the petition for review is DISMISSED in part and DENIED in part.