# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2023

Lyle W. Cayce
Clerk

No. 21-60956

Naun Diaz,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. 095-072-851

Before Graves, Ho, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Petitioner is ineligible for cancellation of removal due to his bad moral character—namely, his twelve-year record of misrepresenting his identity to multiple government agencies. *See generally* 8 U.S.C. § 1229b(b)(1)(A)–(B). That is what an immigration judge determined, and the Board of Immigration Appeals affirmed, consistent with the sovereign authority of the United States to exclude aliens who engage in such a pattern of misconduct from our

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

borders. He now petitions our court for review. But we lack jurisdiction to do so.

Federal law makes clear that "no court shall have jurisdiction to review," among other things, "any judgment regarding the granting of relief under section . . . 1229b," which concerns cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). That provision "precludes judicial review of factual findings that underlie a denial of relief," as the Supreme Court held last year in *Patel v. Garland*, 142 S. Ct. 1614, 1618 (2022). And that is precisely what Petitioner asks us to do here—provide judicial review of a factual finding about his moral character, which formed the basis for his denial of cancellation of removal.

We accordingly dismiss the petition for review for lack of jurisdiction.

## I.

Naun Diaz is a native and citizen of Honduras. Naun Diaz is an alias, however—his real name is Anahun Isaac Requeno Diaz. He entered the United States without authorization in 2001.

Shortly after, he purchased the birth certificate of a Salvadoran named Naun Diaz, and used it to fraudulently apply for temporary protected status as a citizen of El Salvador. Diaz also used this identity to obtain employment authorization, a social security number, and a Texas driver's license.

In 2013, Diaz went to a police station to help a friend. But he was arrested because the real Naun Diaz had an arrest warrant pending against him for the crime of indecency with a child. After fingerprinting confirmed that he wasn't the Naun Diaz against whom the warrant had been issued, he was released from custody and referred to Immigration and Customs Enforcement. After he provided proof of his true identity, Diaz applied for

cancellation of removal and adjustment of status for certain non-citizen residents under 8 U.S.C. § 1229b(b)(1).

Diaz and his wife presented evidence that he was eligible for cancellation of removal—including evidence of good moral character. The immigration judge found both Diaz and his wife credible. But the judge found that he was ineligible for cancellation of removal based on his longstanding fraudulent use of his alias—a pattern of misconduct that included misrepresentations to multiple government agencies.

The Board of Immigration Appeals affirmed that determination, observing that Diaz "continued to use [his] false identity, including to obtain government benefits and to file tax returns, well into the relevant ten-year good moral character period and [his] adult years."

Diaz now petitions this court for review of the Board's order.

## II.

Diaz argues that he has demonstrated his good moral character for purposes of cancellation of removal and therefore should not have been found statutorily ineligible for relief. He contends that the immigration judge and the BIA erred in finding otherwise by failed to give due consideration to his positive character qualities and evidence of reform. The Government responds that the determination of his moral character during the relevant statutory period was supported by substantial evidence. We do not reach the merits of these arguments, because we do not have jurisdiction in this case to review them.

Cancellation of removal is a form of discretionary relief. *See* 8 U.S.C. § 1229b(b)(1). Federal law provides that the Attorney General may cancel an alien's removal if the alien satisfies four conditions. *See id.* Most relevant here, the alien must establish that he "has been a person of good moral

character" for "a continuous period of not less than 10 years immediately preceding the date of such application." 8 U.S.C. § 1229b(b)(1)(A)–(B).

An alien who has committed any of nine enumerated offenses is precluded from being found to possess good moral character. 8 U.S.C. § 1101(f)(1)–(9). In addition, aliens who haven't committed an enumerated offense may nevertheless be found lacking in character under a "catch-all" provision. *See id.* § 1101(f). That provision makes clear that "[t]he fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character." *Id.*

Another provision of federal law restricts judicial review of certain discretionary immigration decisions. *See* 8 U.S.C. § 1252(a)(2)(B). In particular, we lack "jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b," which addresses cancellation of removal—the relief Diaz seeks in this case. *Id.* § 1252(a)(2)(B)(i).

This bar on our jurisdiction "precludes judicial review of factual findings that underlie a denial of relief." *Patel*, 142 S. Ct. at 1618. "[I]t prohibits review of *any* judgment *regarding* the granting of relief under . . . [the] enumerated provisions." *Id.* at 1622. So "§ 1252(a)(2)(B)(i) encompasses not just 'the granting of relief' but also any judgment *relating to* the granting of relief." *Id.* And that "plainly includes factual findings." *Id.*

In sum, "[f]ederal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under . . . [the] provisions enumerated in § 1252(a)(2)(B)(i)." *Id.* at 1627.

We recently construed *Patel* to preclude judicial review of another determination that the Attorney General must make to grant cancellation of review. *See Castillo-Gutierrez v. Garland*, 43 F.4th 477 (5th Cir. 2022). Separate and apart from finding good moral character during the requisite 10-

year period, the Attorney General must also find that "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). We recently concluded that, under *Patel*, we have no jurisdiction to review such hardship determinations. *See Castillo-Gutierrez*, 43 F.4th at 481. "*Patel* makes clear that the [Board's] determination that a citizen would face exceptional and extremely unusual hardship is an authoritative decision which falls within the scope of § 1252(a)(2)(B)(i) and is beyond our review." *Id.*

We have since extended *Castillo-Gutierrez*'s application of *Patel* to moral character determinations. *See Carreon v. Garland*, --- F.4th ---, 2023 WL 4004120, at *4 (5th Cir. 2023). In *Carreon*, we held that "*Patel* bars our review of the 'authoritative decision' that an alien lacks good moral character under § 1229b(b)(1)(B)." *Id.* The court reasoned that petitioner's "contention that the BIA did not properly consider all the relevant factors does not involve a constitutional claim or question of law." *Id.* The same is true here: At its core, Petitioner's argument is that the IJ and BIA didn't give enough weight to his positive equities in determining whether he has good moral character. As with hardship determinations, judicial review of factfinding in moral character determinations is likewise barred by § 1252(a)(2)(B)(i) and *Patel*.

We dismiss the petition for review for lack of jurisdiction.