# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 2, 2024

Lyle W. Cayce
Clerk

No. 22-60108
Summary Calendar

Melina Darzzete Guillen-Perez,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 896 120

ON REMAND FROM THE UNITED STATES
SUPREME COURT

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

The Supreme Court vacated the prior opinion in this case and remanded for further consideration in light of *Santos-Zacaria v. Garland*, 143 S. Ct. 1103 (2023). We again deny the petition for review.

Melina Guillen-Perez, a native and citizen of Mexico, entered the United States in 2004. The Department of Homeland Security charged her in 2016 with removability on the ground that she was present without admission or parole. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Guillen-Perez appeared before an immigration judge ("IJ"), admitted the allegations, and conceded removability. She then applied for cancellation of removal and, in the alternative, voluntary departure.[1]

Following a hearing on the merits, the IJ held that Guillen-Perez did not qualify for cancellation of removal because she had not demonstrated that her removal would cause exceptional and extremely unusual hardship to her United States citizen child, Karla. The IJ granted Guillen-Perez's alternative request for voluntary departure. Guillen-Perez appealed to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision without opinion. She filed a timely petition for review, challenging the IJ's and BIA's hardship determination. The government contends that this court lacks jurisdiction to consider Guillen-Perez's challenge to the hardship determination under this court's recent decision in *Castillo-Gutierrez v. Garland*, 43 F.4th 477 (5th Cir. 2022).

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] Guillen-Perez also sought withholding of removal and protection under the Convention Against Torture, but she withdrew that application at the merits hearing.

When the BIA affirms the IJ without opinion, as it did here, this court reviews the IJ's decision. *See Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003). In order to be eligible for cancellation of removal under § 1229b(b)(1), an applicant must demonstrate, inter alia, "that removal would result in exceptional and extremely unusual hardship to [her] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." Under 8 U.S.C. § 1252(a)(2)(B), this court is prohibited from reviewing "any judgment regarding the granting of relief under section . . . 1229b." However, nothing in the statute "shall be construed as precluding review of constitutional claims or questions of law." § 1252(a)(2)(D). In *Trejo v. Garland*, this court stated that the BIA's hardship determination is not subject to the jurisdictional bar in § 1252(a)(2)(B). 3 F.4th 760, 766–67 (5th Cir. 2021).

The Supreme Court recently held in *Patel v. Garland* that the § 1252(a)(2)(B) jurisdictional bar applies to "authoritative decisions." 142 S. Ct. 1614, 1621–22 (2022). And in *Castillo-Gutierrez*, this court held that *Patel* abrogated *Trejo*. 43 F.4th at 481 ("*Patel* makes clear that the BIA's determination that a citizen would face exceptional and extremely unusual hardship is an authoritative decision which falls within the scope of § 1252(a)(2)(B)(i) and is beyond [this court's] review."). *Castillo-Gutierrez* dictates that Guillen-Perez's challenge to the BIA's hardship determination be dismissed for lack of jurisdiction under § 1252(a)(2)(B)(i).

Guillen-Perez also argues that the IJ violated her due process rights by failing to appropriately weigh the hardship factors, denying her the opportunity to review evidence before the merits hearing, and failing to act as a neutral factfinder. This court retains jurisdiction to review "constitutional claims or questions of law" raised in a petition for review. § 1252(a)(2)(D). Guillen-Perez did not make any due process arguments before the BIA, and so failed to exhaust the issue as required by 8 U.S.C.

§ 1252(d)(1).  The Supreme Court held in *Santos-Zacaria*, 143 S. Ct. at 1111–16, that failure to exhaust under § 1252(d)(1) is not jurisdictional, contrary to the prior caselaw of this circuit.  But the fact remains that Guillen-Perez failed to exhaust on this issue, and the Government identified this failure in its brief on appeal.  "We . . . therefore decline to reach" the due process issue. *Carreon v. Garland*, 71 F.4th 247, 257 (2023).

The petition for review is DENIED.