# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2025

Lyle W. Cayce
Clerk

―――――――――

No. 25-60212
Summary Calendar

―――――――――

Joaquin Galindo Sandoval,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

―――――――――――――――――――――――――――

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 219 246

―――――――――――――――――――――――――――

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Joaquin Galindo Sandoval petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) decision declining to reassess his request for cancellation of removal following a limited remand by the BIA and the denial of his motion to terminate his immigration proceedings.

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60212

The BIA did not err in concluding that the IJ could not reassess Galindo Sandoval's application for removal given the scope of our remand to the BIA and the BIA's remand to the IJ. *See Lion Elastomers, L.L.C. v. NLRB*, 108 F.4th 252, 259 (5th Cir. 2024) (noting that agencies are required to comply with this court's remand orders). The BIA also correctly determined that Galindo-Sandoval's claims regarding a defect in the notice to appear were foreclosed by this court's opinion in *Castillo-Gutierez v. Garland*, 43 F.4th 477, 480 (5th Cir. 2022), *overruled in part on other grounds by Wilkinson v. Garland*, 601 U.S. 209 (2024). Finally, Galindo Sandoval fails to persuade us that we should hold his case in abeyance. *See Mejia-Garcia v. Garland*, No. 22-60164, 2023 WL 142084, 1 (5th Cir. Jan. 10, 2023) (unpublished).[1]

The petition for review is DENIED.

---

[1] Unpublished opinions issued in or after 1996 are not precedent except in limited circumstances, 5TH CIR. R. 47.5.4, but they may be persuasive authority, *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).