# United States Court of Appeals for the Fifth Circuit

———————

No. 22-60103
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2023

Lyle W. Cayce
Clerk

LUIS ADONAY GUARDADO-GUARDADO; LUIS ALONSO GUARDADO-ORELLANA; ROXANA LISSETH GUARDADO-ORELLANA,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A206 225 344, A206 225 332, A206 225 333

———————————————————

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Luis Adonay Guardado-Guardado and his two minor children, Luis Alonso Guardado-Orellana and Roxan Lisseth Guardado-Orellana, petition for review of the decision of the Board of Immigration Appeals (BIA) denying their motion to reopen and terminate. We review the BIA's decision "under

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

a highly deferential abuse-of-discretion standard." *Garcia v. Garland*, 28 F.4th 644, 646 (5th Cir. 2022) (internal quotation marks and citation omitted).

Citing *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), and *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the petitioners argue that their notices to appear failed to provide the immigration court with jurisdiction and violated their due process rights because the notices to appear did not state the date and time of their hearings. Circuit precedent forecloses the argument. *See Castillo-Gutierrez v. Garland*, 43 F.4th 477, 480 (5th Cir. 2022); *Garcia*, 28 F.4th at 646-48. Because the BIA did not abuse its discretion in denying this claim on the merits, we need not consider the petitioners' argument regarding equitable tolling. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

We lack jurisdiction to consider the petitioners' challenge to the BIA's refusal to reopen their cases sua sponte. *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017); *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206-07 (5th Cir. 2017). Accordingly, we dismiss the petition for review in part due to lack of jurisdiction on the issue of sua sponte reopening and otherwise deny the petition.

DISMISSED in part; DENIED in part.