# United States Court of Appeals for the Fifth Circuit

———————

No. 22-60229
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2023

Lyle W. Cayce
Clerk

Tumaini Raphael Luvena,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A096 031 066

———————————————

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Tumaini Raphael Luvena, a native and citizen of Tanzania, petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of her appeal from the denial of her applications for asylum, withholding of removal (WOR), protection under the Convention Against Torture (CAT), and cancellation of removal. Because Luvena has failed to contest the BIA's

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

rejection of her asylum claim as waived, she has abandoned any challenge to the denial of asylum. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

To be eligible for WOR, an applicant must demonstrate a clear probability of persecution due to, as pertinent here, her membership in a particular social group (PSG). *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). In denying her WOR claim, the BIA concluded that Luvena's proposed PSG of "females in Tanzania forced to live as concubines of older men" is not cognizable because the group is not socially distinct and is fatally circular because it is defined by the harm claimed. We have held that a PSG must be "sufficiently particularized and socially distinct without reference to the very persecution from which its members flee." *Jaco v. Garland*, 24 F.4th 395, 407 (5th Cir. 2021); *see Gonzalez-Veliz v. Barr*, 938 F.3d 219, 232 (5th Cir. 2019) (rejecting a proposed PSG of "Honduran women unable to leave their relationship" as "impermissibly defined in a circular manner" because it was "defined by, and d[id] not exist independently of, the harm"). Here, Luvena fails even to reference the BIA's finding that her proposed PSG is impermissibly circular, thereby abandoning any challenge to that critical determination. *See Soadjede*, 324 F.3d at 833. Accordingly, Luvena has failed to present compelling evidence that no reasonable factfinder could reject her proposed PSG as non-cognizable. *See Jaco*, 24 F.4th at 401, 407.

A CAT applicant must show that "it is more likely than not that [s]he would be tortured" in the country of removal "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005) (internal quotation marks and citations omitted). Where, as here, the alleged torturer is a private citizen rather than the government, acquiescence requires proof of willful blindness, i.e., that "an official [is] aware of the

torture and take[s] no action to protect the victim." *Martinez-Lopez v. Barr*, 943 F.3d 766, 772 (5th Cir. 2019).

The agency found that Luvena failed to show that the Tanzanian government would acquiesce to her private-party oppression; because Luvena admittedly failed to report her abuse to the police, the agency characterized as merely speculative her testimony that the police would not have helped her. Now, Luvena argues that the widespread exploitation and abuse of women in Tanzania shows that the government is either compliant with gender persecution or too inept to stop it; however, she does not cite any supporting evidence in the record. Ultimately, while her "general allegations" about the unwillingness of Tanzanian police to investigate crime "may weigh against the [agency's] conclusion," they do not "compel the opposite conclusion." *Id.* at 773 (internal quotation marks, italics, and citation omitted). Luvena's challenge to the agency's rejection of her CAT claim thus fails under the substantial evidence standard. *See Zhang*, 432 F.3d at 344.

Finally, to be eligible for cancellation of removal, an applicant must show, in part, that her removal would result in "exceptional and extremely unusual hardship" to a qualifying relative who is a citizen or lawful permanent resident of the United States. 8 U.S.C. § 1229b(b)(1)(D). Luvena challenges the BIA's finding of insufficient hardship to support relief. Under 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review the hardship determination underlying the denial of cancellation of removal, and the underlying hardship determination is likewise "beyond our review." *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022).

In light of the foregoing, the petition for review is DISMISSED in part and DENIED in part.