# United States Court of Appeals for the Fifth Circuit

--------

No. 22-60326
Summary Calendar

--------

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2023

Lyle W. Cayce
Clerk

Juan Alberto Ramos-Alanis,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

--------

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 698 696

--------

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Juan Alberto Ramos-Alanis, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from an order of the Immigration Judge denying his applications for cancellation of removal and voluntary departure. We lack jurisdiction to consider each of Ramos' claims.

--------

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60326

First, he challenges the BIA's finding his removal would not cause the requisite exceptional and unusual hardship for his children. The Supreme Court, however, has "[made it] clear that the BIA's determination that a citizen would face exceptional and extremely unusual hardship is an authoritative decision . . . beyond our review". *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022).

Regarding his voluntary-departure claim, he contends he established his intent to depart the United States and the requisite good moral character. Our court lacks jurisdiction to consider factual challenges with respect to the denial of voluntary departure. 8 U.S.C. § 1229c(f); *see Sattani v. Holder*, 749 F.3d 368, 373 (5th Cir. 2014) (where petitioner "presents no constitutional question or question of law . . . we lack jurisdiction to consider" challenge to denial of voluntary departure).

Finally, to the extent Ramos appears to assert his notice to appear was defective (he makes this assertion in the factual section of his opening brief, but does not expand on it in his argument section), that claim was not presented to the BIA; therefore, it is unexhausted. *E.g.*, *Lopez-Dubon v. Holder*, 609 F.3d 642, 644 (5th Cir. 2010) ("An alien's failure to exhaust administrative remedies is a jurisdictional bar to our consideration of an issue.").

DISMISSED.