# United States Court of Appeals
# for the Fifth Circuit

————————

No. 21-60737
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2023

Lyle W. Cayce
Clerk

ARAME NIANG,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

—————————————————————————

Petitions for Review of Orders of the
Board of Immigration Appeals
Agency No. A093 426 803

—————————————————————————

Before JONES, HAYNES, and OLDHAM, *Circuit Judges.*

PER CURIAM:[*]

Arame Niang, a native and citizen of Senegal, petitions for review of orders by the Board of Immigration Appeals (BIA) affirming the denial of her application for cancellation of removal and denying her motion to reconsider.

————————————

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60737

We review de novo whether we have jurisdiction over a petition for review. *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006). Niang argues that the BIA erred by concluding that she had not made the requisite hardship showing and denying her request for cancellation of removal. However, we lack jurisdiction to consider her arguments. *See Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022); *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022). We similarly lack jurisdiction to review the denial of her motion to reconsider insofar as she argues that she made the requisite hardship showing. *See Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004).

While Niang claims that the BIA committed legal error by impermissibly considering her daughter's age and by overlooking the fact that no female genital mutilation cases are prosecuted in Senegal despite it being illegal, an assertion that the BIA failed to consider or put insufficient emphasis on particular factors "merely asks this Court to replace the [BIA's] evaluation of the evidence with a new outcome, which falls squarely within the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)." *Sattani v. Holder*, 749 F.3d 368, 372 (5th Cir. 2014); *see also Castillo-Gutierrez*, 43 F.4th at 481. Moreover, her assertion that the BIA applied an incorrect legal standard by treating its decision in *Matter of Recinas*, 23 I. & N. Dec. 467, 467 (BIA 2002), as a threshold that a petitioner must meet in order to demonstrate an undue and extremely unusual hardship is unavailing. The BIA merely compared the hardship alleged by Niang to that demonstrated by the petitioner in *Recinas* after outlining the specific reasons for agreeing with the immigration judge's hardship determination. *See Delgado–Reynua v. Gonzales*, 450 F.3d 596, 599-600 (5th Cir. 2006).

Accordingly, Niang's petitions for review are DISMISSED.

2